# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

QADIRA STEPHENS,

9th Cir. Case No.  26-538

Appellant(s),

v.

COUNTY OF MULTNOMAH, by and
through its Judicial Department; et al.,

Appellee(s).

## STATEMENT THAT APPEAL SHOULD GO FORWARD
(attach additional sheets as necessary)

1. Date(s) of entry of judgment or order(s) you are challenging in this appeal:

January 5, 2026 (ECF 118), and related enforcement actions applying the
prefiling restriction to Appellant.

2. What claims did you raise to the court below?

Appellant challenged the enforcement of a prefiling review order as applied to
her and sought leave to file motions. Appellant raised the issue whether litigation
conduct attributed to her could support enforcement of filing restrictions absent a
determination that the individual whose conduct was attributed to her was legally
authorized to represent her and absent individualized findings regarding her own
conduct.

3.  What do you think the court below did wrong?  (You may, but need not, refer to cases and statutes.)

The district court enforced a prefiling restriction against Appellant based on litigation conduct attributed to filings made by Appellant's parent, treating those filings as though they constituted adversarial legal representation. However, a "next friend" or guardian ad litem is not licensed counsel and does not provide independent legal representation in the adversarial sense contemplated by the Federal Rules. The record reflects no Rule 17(c) adequacy inquiry and no appointment of counsel. Without determining whether the purported representative was legally authorized and adequate to protect Appellant's interests, and without making individualized findings regarding Appellant's own conduct, the court attributed litigation conduct to Appellant and rejected filings as "frivolous or repetitive" without specific findings explaining that determination. As a result, the prefiling restriction was imposed without the procedural safeguards ordinarily associated with binding a litigant to adversarial conduct.

4. Why are these errors serious enough that this appeal should go forward?

     This appeal does not seek to relitigate the validity of the original prefiling review order previously affirmed on appeal. Rather, it presents a threshold legal question concerning the district court's subsequent enforcement of that restriction as applied to Appellant and whether the proper legal prerequisites were satisfied before attributing litigation conduct to her. Whether a court may impose or enforce filing restrictions against a litigant without determining legal authorization and without individualized findings presents a reviewable legal issue. Because reasonable jurists could disagree as to the governing legal standard, the appeal raises a non-frivolous question suitable for appellate review. This appeal does not challenge the district court's discretionary assessment of particular filings, but instead raises a legal question concerning the standards governing attribution of litigation conduct and the prerequisites for imposing filing restrictions.

5. Additional Information:

     Subsequent district court orders entered after the notice of appeal confirm that the enforcement of the prefiling restriction remains actively contested, further demonstrating that the appeal presents a live and non-frivolous legal issue.

Dated: _2/13/2026_        Qadira Stephens
                        Print Name(s)

                        /s/ Qadira Stephens
                        Signature(s)

                        Appellant(s) in Pro Se

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 26-538

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

See attached page for list of unregistered appellees served by U.S. Mail.

**Description of Document(s)** *(required for all documents)*:

Statement That Appeal Should Go Forward

**Signature** | /s/ Qadira Stephens | **Date** | Feb 13, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15** | *Rev. 12/01/2018*

**Attachment to Certificate of Service - Unregistered Appellees Served by U.S. Mail**

| Appellee(s) | U.S. Mailing Address |
| --- | --- |
| Adrienne C. Nelson | 1021 SW Fourth Avenue, Portland, OR 97204-1123 |
| Michael McShane | 1021 SW Fourth Avenue, Portland, OR 97204-1123 |
| Jean K. Maurer | 1021 SW Fourth Avenue, Portland, OR 97204-1123 |
| David F. Rees | 1021 SW Fourth Avenue, Portland, OR 97204-1123 |
| Jacob Weigler | 1162 Court Street NE, Salem, OR 97301-4096 |
| John Kroger | 1162 Court Street NE, Salem, OR 97301-4096 |
| Oregon Department of Justice | 1162 Court Street NE, Salem, OR 97301-4096 |
| Armstrong | 1163 State Street, Salem, OR 97301-2563 |
| Duncan | 1163 State Street, Salem, OR 97301-2563 |
| Haselton | 1163 State Street, Salem, OR 97301-2563 |
| Paul J. De Muniz | 1163 State Street, Salem, OR 97301-2563 |
| Rosenblum | 1163 State Street, Salem, OR 97301-2563 |
| Schuman | 1163 State Street, Salem, OR 97301-2563 |
| Wollheim | 1163 State Street, Salem, OR 97301-2563 |
| Equal Employment Opportunity Commission | 131 M Street, NE, Washington, DC 20507 |
| Donald R. Letourneau | 145 NE Second Ave, Hillsboro, OR 97124-3083 |
| Oregon Medical Board | 1500 SW 1st Ave, Suite 620, Portland, OR 97201-5847 |
| Dwight C. Holton | 1827 SE 38th Ave, Portland, OR 97214-5206 |
| Providence Health & Services | 388 State Street, Suite 430, Salem, OR 97301 |
| Charlie G. Jenkins | 50 SW 2nd Avenue, Portland, OR 97204 |
| Firdousi Chowdhury | 500 Summer Street NE E-15, Salem, OR 97301-1097 |
| Keely West | 500 Summer Street NE E-15, Salem, OR 97301-1097 |
| Oregon Department of Human Services | 500 Summer Street NE E-15, Salem, OR 97301-1097 |
| Dale R. Koch | 520 SW Yamhill Street, Suite 1015, Portland, OR 97204 |
| Rex Burkholder | 600 NE Grand Avenue, Portland, OR 97232 |
| Susan Glosser | 8324 SE 16th Avenue, Portland, OR 97202 |
| Providence St. Vincent Medical Center | 9205 SW Barnes Road, Portland, OR 97225 |
| Federal Bureau of Investigation | 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001 |
| Glenn G. Norling | 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001 |
| State Farm Fire and Casualty Company | One State Farm Plaza, Bloomington, IL 61710 |
| State Farm Insurance Companies | One State Farm Plaza, Bloomington, IL 61710 |